# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SIKHS FOR JUSTICE, et al.,**
        Plaintiffs,

    v.                                            Case No. 12-CV-00806

**PARKASH SINGH BADAL,**
        Defendant.

---

## DECISION AND ORDER

Plaintiffs bring this action against defendant Parkash Singh Badal, the Chief Minister of the State of Punjab, India, alleging that defendant violated the Torture Victim Protection Act and the Alien Tort Statute by directing the commission of various acts of torture in Punjab. *See* 28 U.S.C. § 1350. Before me now is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for failure to effectuate service of process. Plaintiffs claim that they served defendant on August 9, 2012 while he was attending a public forum at Oak Creek High School following the August 5, 2012 shooting at the Sikh Temple in Oak Creek, Wisconsin, a Milwaukee suburb. Defendant does not dispute that he was in the Milwaukee area between August 7 and August 12, 2012 but denies attending the forum and denies being served with process.

I held an evidentiary hearing to determine whether defendant was served. At the hearing, plaintiffs presented testimony from process server Christopher Kratochvil who testified that he served defendant at 4:50 p.m. while defendant was standing in front of the stage in the high school auditorium. He testified that he approached defendant, said "Excuse me, Mr. Singh Badal," handed him the papers and left the building without waiting

for a response. Christopher testified that he believed he served the right person because he had a picture of defendant with him at the time of service and, like defendant, the person he served was a tall, thin, older gentleman with a full beard who was wearing a turban and Indian garb. Kratochvil's brother, Joseph, also a process server, testified that he was present at the time of the alleged service and agreed with Christopher's testimony.

Defendant presented evidence that at 4:50 p.m. on August 9 he was shopping at the Boelter Superstore ("Boelter"), a restaurant supply store about 17 miles from Oak Creek High School. Martin O'Toole, the lead agent on a security detail provided for defendant by the United States State Department, testified that defendant's itinerary on the afternoon of August 9 was as follows:

| Time | Event |
|---|---|
| 12:56 p.m. | Departed for Wisconsin State Fair in Milwaukee |
| 1:20 p.m. | Arrived at State Fair |
| 2:30 p.m. | Departed State Fair for George Watts & Son Store ("George Watts") in downtown Milwaukee |
| 2:54 p.m. | Arrived at George Watts |
| 4:23 p.m. | Departed George Watts for Boelter |
| 4:49 p.m. | Arrived at Boelter |
| 5:09 p.m. | Departed Boelter and returned to hotel |

O'Toole testified that he was certain of the times that defendant arrived at and left each location because he was with defendant all afternoon and emailed other members of the security team whenever defendant changed locations. State Department agent David Scharlat and defendant's private security guard, Monica Jossart, testified that they were also with defendant that afternoon and corroborated O'Toole's testimony.

George Watts employee, Jessica Piorier, testified that defendant visited George Watts on the afternoon of August 9, and Boelter manager, Patricia Guist, testified that defendant and his entourage arrived at Boelter around 4:00 p.m. and remained there until

2

after the store closed at 5:00 p.m. After defendant left, Guist emailed her boss stating that "the Chief Deputy of Punjab" had visited the store. (Evidentiary Hr'g, Exh. 104.) Gangadeep Virk testified that he is a friend of defendant and that he met up with defendant at the state fair and accompanied him to George Watts and Boelter. Virk took photographs of defendant at the fair and George Watts that show defendant wearing a turban and a grey button-up shirt with matching grey slacks.

Finally, Surinderpal Singh Kalra, a Sikh who served as a translator at the Oak Creek High School forum, testified that shortly before the forum began a man handed him some legal papers. Kalra said he assumed that they were intended for one of the Justice Department officials speaking at the forum. He testified that he believed he had left the papers on a table at the high school but two days before the hearing discovered them in a folder in the trunk of his car. The papers handed to Kalra are the summons and complaint that were supposed to be served on defendant. On the upper right-hand corner of the summons is a red stamp with Christopher Kratochvil's signature and a date of service of "8-9-12." (Evidentiary Hr'g, Exh. 100A.) Like the individual described in Christopher Kratochvil's testimony, Kalra is a tall, thin, older gentleman with a full beard who wears a turban.

When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff must make a prima facie showing of service by presenting a return of service signed by a process server that indicates when and where service occurred. *Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010). If the plaintiff makes such a showing, there is a presumption of service that can only be overcome "'by strong and convincing evidence.'" *Id*. at 673

3

Case 2:12-cv-00806-LA    Filed 05/17/13    Page 3 of 5    Document 47

(quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). If the defendant presents such evidence, the court must either dismiss the suit or specify a time within which the plaintiff must accomplish service. Fed. R. Civ. P. 4(m).

Plaintiffs make a prima facie showing of service, but defendant offers strong and convincing evidence that overcomes that showing. The testimony and corroborating documentary evidence presented by defendant establish that defendant was not at Oak Creek High School on August 9, 2012, and that plaintiffs' process server served Kalra instead of defendant. Defendant's witnesses were uniformly credible. In combination, they presented a mountain of evidence supporting defendant's version of the events of August 9. O'Toole, Scharlat, Jossart, Guist and Virk all testified that defendant was at Boelter at the time that plaintiffs assert that service occurred. And Kalra testified that the papers intended for defendant were given to him.

I have no doubt that Christopher Kratochvil and his brother sincerely believe that they served defendant, but I conclude that they made an honest mistake, one that was understandable under the unusual circumstances of this case. In an attempt to overcome the strong evidence in favor of defendant, plaintiffs make a number of creative arguments but none are convincing. Since I conclude that plaintiffs did not properly serve defendant, I will grant defendant's motion to dismiss. Plaintiffs have not asked for additional time to complete service and granting more time would be pointless because defendant is no longer in the United States.

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss for failure to effectuate service (Docket #3) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 17th day of May 2013.

                                               s/ Lynn Adelman
                                               _____
                                               LYNN ADELMAN
                                               District Judge