# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SIKHS FOR JUSTICE, et al.,**
    **Plaintiffs,**

  v.              Case No. 12-CV-00806

**PARKASH SINGH BADAL,**
    **Defendant.**

## DECISION AND ORDER

Plaintiffs brought this action against defendant Parkash Singh Badal, the Chief Minister of the State of Punjab, India, under the Torture Victim Protection Act and the Alien Tort Statute. *See* 28 U.S.C. § 1350. I granted defendant's motion to dismiss for failure to effectuate service. Plaintiffs filed a notice of appeal and move to modify or correct the record for appeal.

Plaintiffs seek to add the following docket entries to the clerk's proposed record for appeal:

- Docket #7 – Copy of the summons returned executed by plaintiffs

- Docket #13 – Letter from plaintiffs' attorney in response to the motion to dismiss with attached affidavit from one of the process servers

- Docket #17 – Letter from plaintiffs' attorney regarding the hearing date

- Docket #32 – Letter from plaintiffs' attorney with attached supplemental affidavits from both process servers

- Docket #33 – Letter from plaintiffs' attorney in response to defendant's motion for a protective order with attached exhibits

- Docket #34 – Letter from plaintiffs' attorney in response to defendant's motion for a protective order with attached exhibits

- Docket #35 – Letter from plaintiffs' attorney in response to defendant's motion for a protective order with an attached affidavit from one of the plaintiffs

- Docket #37 – Plaintiffs' motion for an extension of the time for discovery

Defendant does not object to these requests. Therefore, I will grant them. *See* Fed. R. App. P. 10(e)(2)(A) (noting that the record for appeal can be modified "on stipulation of the parties").

Plaintiffs also seek to add the deposition of Darshan Dhaliwal to the record for appeal. Defendant objects to the inclusion of this deposition because it was never filed with this court. Plaintiffs referred to this deposition in their brief in opposition to the motion to dismiss but did not actually attach it as an exhibit. They argue that it should be added to the record for appeal because Federal Rule of Appellate Procedure 10(e)(2) allows a district court to add a material document to the record where it was omitted "by error or accident." The problem is that Rule 10(e)(2) does not authorize me to add materials to the record which were not made part of the record in this court. *See Shasteen v. Saver*, 252 F.3d 929, 935 n.2 (7th Cir. 2001); *see also* Fed. R. App. P. 10(a) (noting that the record on appeal includes "the original papers and exhibits filed in the district court"). "The purpose of Rule 10(e) is to ensure that the record on appeal accurately reflects the proceedings in the trial court . . . , not to enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment." *U.S. v. Elizalde-Adame*, 262 F.3d 637, 641 (7th Cir. 2001). Therefore, I will deny plaintiffs' request to add the Dhaliwal deposition to the record.

**THEREFORE, IT IS ORDERED** that plaintiffs' motion to modify or correct the record (Docket #57) is **GRANTED IN PART** and **DENIED IN PART**. The clerk shall add Docket Entries #7, 13, 17, 32, 33, 34, 35 and 37 to the record on appeal.

Dated at Milwaukee, Wisconsin, this 25th day of July 2013.

s/ Lynn Adelman
LYNN ADELMAN
District Judge